CAMBRIDGE BUDDHIST ASSOCIATION, INC. *vs.* CITY OF CAMBRIDGE & another.[1] January 2, 1981. The defendants (city) appeal from a judgment declaring that the Cambridge Buddhist Association (CBA) is entitled to a certificate of occupancy under the State Building Code (code) for the CBA's property at 75 Sparks Street, Cambridge. See State Building Code, 780 Code Mass. Regs. § 100.0 et seq. The CBA intends to use the property, a former private residence, for the practice of a form of Zen Buddhism, usually in groups of less than fifteen people and never in groups of more than thirty-five. An upper floor of the structure is used as a residence for a caretaker who is also a member of the CBA. The city argues that there has been a change from a residential use pursuant to § 209.0 of the code to a Group A religious use under § 203.5 of the code, with a concomitant increase in the hazard index from two to four (see § 2203.8.2.2). The city claims that this change justifies the denial of a certificate of occupancy unless and until the CBA alters the structure to conform to the code's requirements for new construction. See 780 Code Mass. Regs. § 2203.8.2.2. No question is presented under the Cambridge zoning ordinance.

The CBA argues that its proposed use does not involve a use change of the type which increases the hazard rating of the structure so as to require conformity to the code's requirements for new construction. It contends that its proposed use does not fall within the category of religious use

[1] Superintendent and inspector of buildings of Cambridge.

under § 203.5 of the code because there will be no "place of assembly" as defined in the code. See 780 Code Mass. Regs. § 201.0.

We agree with the judge below that the provisions of "§ 203.0 Use Group A, Assembly Buildings" limit the scope of all categories of uses in Group A to places of assembly. Section 203.1 provides that "[a]ll buildings and structures, or parts thereof, shall be classified in the assembly (A) use group which are used or designed for places of assembly as defined in this code." A place of assembly is defined in § 201 of the code as "[a] room or space accommodating fifty (50) or more individuals for religious, recreational, educational, political, social or amusement purposes . . . ." 780 Code Mass. Regs. § 201.3. Because CBA will not and cannot physically use the premises to accommodate fifty people for religious purposes, the structure will not have a place of assembly. We do not read § 203.5, "Use Group A-4 Structures," including "all buildings used as churches," as broadening the reach of the general definition of "Use Group A, Assembly Buildings" that appears in § 203.1. If the references in § 203.5 and other subportions of § 203.0 to various uses were not intended to be limited by the words "places of assembly as defined in this code," the reference to places of assembly in the general description of the assembly (A) use group would be superfluous. 780 Code Mass. Regs. 203.1.

*Judgment affirmed.*

*Christopher S. Pitt* for the defendants.
*Richard W. Renehan* for the plaintiff.